889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eunice JUSTICE, Plaintiff-Appellant,
v.
STATE of Ohio, Kevin R. McDermott, Squire, Sanders &
Dempsey, Sears & Roebuck, William Ammer, Judge, Robert V.
Franklin, Judge, R. Patrick West, Judge, James C. Britt,
Judge, Willis E. Ludeman, Judge, Duane E. Hayes, Franklin
County Commissioners, Jack Foulk, Dorothy Teater, Roger W.
Tracy, James Kirk, Referee, J. Stern, Judge, Strausbaugh,
Judge, J. Cox, Judge, Defendants-Appellees.
 No. 89-3058.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and EDWARD H. JOHNSTONE, Chief District Judge.*
 ORDER
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Eunice Justice, an Ohio pro se resident, appeals the district court's judgment dismissing her civil rights action filed pursuant to 42 U.S.C. Secs. 1983, 1985, and 1986.
 Seeking monetary damages and injunctive relief, Justice filed suit against the State of Ohio; eight judges; an Ohio Court of Appeals referee; the administrative director of the Franklin County Court of Common Pleas; an attorney; a law firm; Sears, Roebuck and Company; and the Franklin County (Ohio) Commissioners.
 Justice averred that defendants conspired to deny her right to due process and equal protection under the fourteenth amendment by depriving her of fair and unbiased judicial proceedings. She claimed that her civil action against Sears has been delayed by approximately five years through the use of unnecessary and duplicative discovery efforts and by the exertion of unethical influence upon the defendant judges who, due to the resulting prejudice, have refused to grant her motions for summary judgment.
 Subsequently, all defendants, except the State of Ohio, moved for dismissal pursuant to Fed.R.Civ.P. 8(e) based upon Justice's failure to present a proper complaint. Sears, the law firm, and the State of Ohio also moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), alleging that Justice had failed to state a cognizable claim for relief. Finally, the State of Ohio sought dismissal from the suit based on sovereign immunity and Justice moved for a default judgment pursuant to Fed.R.Civ.P. 55(a) alleging that the State of Ohio, Sears, the law firm and the attorney had failed to file a timely answer to her complaint.
 The district court denied the Rule 8(e) motions and Justice's motion for default judgment, dismissed the State of Ohio from the action based on sovereign immunity, and dismissed the case in its entirety by granting summary judgment for the remaining defendants.
 In this timely appeal, Justice asserts more than seventy assignments of error which essentially reiterate the arguments she raised before the district court.
 
 
 1
 Upon review we conclude that the district court's judgment should be vacated pursuant to Rule 9(b)(6), and the case remanded to the district court for it to dismiss the complaint based upon the doctrine of abstention. See Younger v. Harris, 401 U.S. 37 (1971).
 
 
 2
 In granting summary judgment, the district court characterized Justice's claims as involving a purported denial of procedural due process and granted summary judgment based upon the doctrine of Parratt v. Taylor, 451 U.S. 527, 535 (1981). However, the crux of Justice's complaint involves actions by the state court judges, i.e., denial of motions for default judgment, granting of continuances and motions for additional discovery, which occurred pursuant to established state procedure. Hence, these acts did not occur randomly and the doctrine of Parratt v. Taylor does not apply to defeat the claim. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982).
 
 
 3
 In addition, Justice's claim appears to involve the denial of substantive due process, since the fourteenth amendment requires states to provide fundamentally fair judicial proceedings to their citizens. See Lassiter v. Department of Social Services, 452 U.S. 18, 33 (1981).
 
 
 4
 However, because further federal involvement in this case would entangle the federal court in ongoing State court proceedings, we conclude that this case should have been dismissed based upon the doctrine of abstention.
 
 
 5
 Three factors are relevant to a determination of whether abstention applies to a civil case: (1) whether state proceedings are pending; (2) whether those proceedings involve important state interests; and (3) whether the federal plaintiff will be afforded an adequate opportunity to raise his constitutional claims in state court proceedings. Watts v. Burkhart, 854 F.2d 839, 845 (6th Cir.1988).
 
 
 6
 After review of the record, we are convinced, particularly in light of the pending state court proceedings and the interlocutory nature of the orders upon which Justice's claims are based, that all three of the factors necessary for the application of abstention have been satisfied.
 
 
 7
 Accordingly, the judgment of the district court is hereby vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded for the district court to dismiss the suit, without prejudice, on the basis of abstention.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief U.S. District Judge for the Western District of Kentucky, sitting by designation